UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

WILLIAM WHITAKER,

Plaintiff,

v.

Case No. 5:24-cv-00028-KKC

THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,

Defendant.

**ANSWER**

For its Answer to the plaintiff's Complaint, defendant The Lincoln National Life Insurance Company admits, denies, and alleges as follows:

1. Answering paragraph 1, Lincoln admits that this matter is governed by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 et seq. Lincoln denies the remaining allegations contained in paragraph 1.

2. Answering paragraph 2, Lincoln admits that the plaintiff resided in and was employed in Kentucky at relevant times. Lincoln is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 2 and therefore denies them.

3. Answering paragraph 3, Lincoln admits that it is an insurance company, that it is an Indiana corporation, and that it has its principal place of business in Pennsylvania. Lincoln further admits that it is licensed to do business in Kentucky. Lincoln further admits that it has been served with process in this matter. Lincoln denies any remaining allegations contained in paragraph 3.

4. Answering paragraph 4, Lincoln admits that it does not contest venue. Lincoln denies any remaining allegations contained in paragraph 4.

5. Answering paragraph 5, Lincoln admits that the plaintiff was employed by Qualex Manufacturing as a production manager at relevant times. Lincoln denies the remaining allegations contained in paragraph 5 to the extent they are absent from, inconsistent with, or misconstrue the Administrative Record. Lincoln denies any remaining allegations contained in paragraph 5.

6. Answering paragraph 6, Lincoln admits that Qualex Manufacturing established and maintained a plan of long-term disability benefits for its employees ("the LTD Plan"), and that Qualex Manufacturing funded its LTD Plan through the purchase of a group policy of long-term disability insurance from Lincoln (Policy No. 000010258001) ("the Group LTD Policy"). Lincoln further admits that Qualex Manufacturing established and maintained a plan of life insurance benefits for its employees ("the Life Plan"), and that Qualex Manufacturing funded its Life Plan through the purchase of a group policy of life insurance from Lincoln ("the Group Life Policy"). Finally, Lincoln admits that the plaintiff was employed by Qualex Manufacturing and participated in his employers Plans at relevant times. The Group LTD Policy and the Group Life Policy speak for themselves and are the best evidence thereof; Lincoln denies the allegations contained in paragraph 6 to the extent they are incomplete, inconsistent with, or otherwise misconstrue either Group Policy. Lincoln denies any remaining allegations contained in paragraph 6.

7. Answering paragraph 7, Lincoln admits that the Group LTD Policy provides benefits on the terms and conditions stated therein. The Group LTD Policy speaks for itself and is the best evidence thereof; Lincoln denies the allegations contained in paragraph 7 to the extent they are incomplete, inconsistent with, or otherwise misconstrue the Group LTD Policy. Lincoln denies the remaining allegations contained in paragraph 7.

8. Answering paragraph 8, Lincoln admits that the Group Life Policy provides benefits on the terms and conditions stated therein. The Group Life Policy speaks for itself and is the best evidence thereof; Lincoln denies the allegations contained in paragraph 8 to the extent they are incomplete, inconsistent with, or otherwise misconstrue the Group Life Policy. Lincoln denies the remaining allegations contained in paragraph 8.

9. Answering paragraph 9, Lincoln admits only that the plaintiff has medical conditions and has undergone medical treatment as set forth in the Administrative Record, which speaks for itself and is the best evidence thereof. Lincoln denies the allegations contained in paragraph 9 to the extent they are incomplete, inconsistent with, or otherwise misconstrue the Administrative Record. Lincoln denies that the information referenced in paragraph 9 establishes that the plaintiff is entitled to benefits. Lincoln denies the remaining allegations contained in paragraph 9.

10. Answering paragraph 10, Lincoln admits that the plaintiff ceased work as of October 15, 2020. Lincoln denies the remaining allegations contained in paragraph 10.

11. Lincoln denies the allegations contained in paragraph 11.

12. Answering paragraph 12, Lincoln admits that the plaintiff submitted a claim for benefits under the Group LTD Policy (Claim No. 1210003860) and that Lincoln considered premium waiver benefits under the Group Life Policy (Claim No. 1210038240). Lincoln denies any remaining allegations contained in paragraph 12.

13. Lincoln denies the allegations contained in paragraph 13.

14. Answering paragraph 14, Lincoln admits that it sent the plaintiff a letter dated October 15, 2021, which is set forth in the Administrative Record, speaks for itself, and is the best evidence thereof. Lincoln further admits that it correspondence with the plaintiff regarding the

Group Life Policy, which is set forth in the Administrative Record, speaks for itself, and is the best evidence thereof. Lincoln denies the allegations contained in paragraph 14 to the extent they are incomplete, inconsistent with, or otherwise misconstrue the Administrative Record. Lincoln denies the remaining allegations contained in paragraph 14.

15. Answering paragraph 15, Lincoln admits that the plaintiff, through counsel, submitted information in support of his claim, which is set forth in the Administrative Record and speaks for itself. Lincoln denies the allegations contained in paragraph 15 to the extent they are incomplete, inconsistent with, or otherwise misconstrue the Administrative Record. Lincoln denies that the information referenced in paragraph 15 establishes that the plaintiff is entitled to benefits. Lincoln denies any remaining allegations contained in paragraph 15.

16. Answering paragraph 16, Lincoln admits that it sent the plaintiff a letter dated March 17, 2023, which is set forth in the Administrative Record, speaks for itself, and is the best evidence thereof. Lincoln denies the allegations contained in paragraph 16 to the extent they are incomplete, inconsistent with, or otherwise misconstrue the Administrative Record. Lincoln denies the remaining allegations contained in paragraph 16.

17. Answering paragraph 17, Lincoln admits the plaintiff sent a letter dated August 7, 2023, which is set forth in the Administrative Record, speaks for itself, and is the best evidence thereof. Lincoln denies any remaining allegations contained in paragraph 17.

18. Answering paragraph 18, Lincoln admits it received the August 7, 2023 letter.

19. Lincoln denies the allegations contained in paragraph 19.

20. Lincoln denies the allegations contained in paragraph 20.

21. Lincoln denies the allegations contained in paragraph 21.

22. Lincoln denies the allegations contained in paragraph 22.

23. Lincoln denies the allegations contained in paragraph 23.

24. Lincoln denies the allegations contained in paragraph 24.

26. Answering paragraph 26, Lincoln denies that the plaintiff's past-due benefits, recoverable in this ERISA action, are in excess of the Court's jurisdictional limits for diversity jurisdiction. Lincoln admits that the Court has federal question jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 1332(e) and (f).

26. Lincoln denies each and every allegation contained in the plaintiff's Complaint that is not expressly admitted herein.

**DEFENSES, INCLUDING AFFIRMATIVE DEFENSES**

Lincoln asserts the following defenses, each as a separate and distinct defense to the plaintiff's alleged causes of action, as well as to the entire Complaint. Lincoln does not assume the burden of any defense asserted that is adjudged not to be an affirmative defense.

1. The Complaint and each and every purported claim for relief therein fails to state a claim for which relief can be granted.

2. The plaintiff failed to prove entitlement to benefits under the terms of the Group LTD Policy or the Group Life Policy.

3. The plaintiff failed to exhaust administrative remedies as required by the Group LTD Policy.

4. The plaintiff's recovery herein, if any, is limited by the terms, conditions, limitations, exclusions and other provisions of the Plan, the Group LTD Policy, and/or the Group Life Policy.

5. There is no vesting of benefits under the Group LTD Policy, and thus the plaintiff may not recover benefits for any future period of disability, but rather must provide period proof of alleged continuing disability.

6. Lincoln has complied with its promises, obligations, and duties to the plaintiff and the handling of the plaintiff's claim for benefits complied with ERISA.

7. Lincoln asserts each and every provision of the Group Policies that may be construed as an affirmative defense.

8. Lincoln does not knowingly and intentionally waive any affirmative defenses, and reserves the right to amend this Answer to state additional such defenses in the event that facts become known to support them.

WHEREFORE, Defendant The Lincoln National Life Insurance Company respectfully requests the Court to: (A) dismiss the plaintiff's claims against Lincoln with prejudice and enter judgment in Lincoln's favor on such claims; (B) award Lincoln its attorneys' fees under 29 U.S.C. § 1132(g) or any other appropriate law; (C) award Lincoln its costs of suit; and (D) grant such other relief as is appropriate under the circumstances of this case.

Respectfully submitted this 11th day of March 2024.

/s/ *Michael Mohler*
Michael C. Mohler
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
300 N Meridian Street, Suite 2700
Indianapolis, IN 46204
317-916-1300
317-916-9076 *(facsimile)*
michael.mohler@ogletree.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 11, 2024, the foregoing was served via the Court's electronic filing system upon the following:

Philip G. Fairbanks
pgf@austinmehr.com
Bartley K. Haberman
bkh@austinmehr.com
Mehr Fairbanks Trial Lawyers, PLLC

/s/ *Michael Mohler*